UNITED STATES DISTRICT COURT                **(ECF)**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
SHANGHAI CHINA GARMENTS J&Y IMPORT :       11 Civ. 2363 (JCF)
& EXPORT CORP.                     :
                                   :
          Plaintiff,               :           MEMORANDUM
                                   :           AND  ORDER
     - against -                   :
                                   :
BROOKS FITCH APPAREL GROUP,        :
                                   :
          Defendant.               :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

     The plaintiff seeks to reopen this matter to enforce a
settlement agreement that was purportedly reached between the
parties.  The defendant opposes the motion, arguing that there was
no settlement.[1]  For the following reasons, the motion is denied.

Background

     A.   Procedural History

     On April 7, 2011, Shanghai China Garments J&Y Import & Export
Corporation ("Shanghai") initiated this action against Brooks Fitch
Apparel Group, LLC ("Brooks"), alleging state law claims of breach
of  contract,  unjust  enrichment,  conversion,  and  promissory
estoppel.  The plaintiff informed the Court that the matter had
been settled, and on February 23, 2012, the Court dismissed the
case with prejudice.  (Order of Dismissal dated Feb. 23, 2012).  On

---

     [1] The parties consented to proceed before a United States
Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c).
At the time the action was dismissed, it was assigned to the
Honorable Theodore H. Katz, U.S.M.J.   Judge Katz subsequently
retired, and after the instant motion was filed, the case was
reassigned to me.

February 28, 2012, the plaintiff moved to reopen the case in order
to have the Court compel defense counsel to sign the Stipulation of
Settlement.   (Notice of Motion dated Feb. 28, 2012; Affirmation
Declaration of Ming Hai dated Feb. 28, 2012, ¶ 10).   The Court
denied the motion, noting that the plaintiff had submitted a signed
"Settlement Agreement to the Court, which appears to be an
enforceable agreement."   (Memorandum Endorsement dated March 7,
2012, at 2).

    B.   Factual Background

    The parties' versions of events regarding the purported
settlement agreement differ significantly.   According to the
plaintiff, the principal of Brooks, Joseph Safdieh, contacted
Shanghai directly, stating that he would like to negotiate a
settlement without his attorneys in order to avoid incurring legal
fees.   (Affirmation of Ming Hai dated May 21, 2012 ("Hai Aff."), ¶
4).   Ming Hai, counsel for the plaintiff, contacted defense counsel
who purportedly informed Mr. Hai that they had lost contact with
their client.   (Hai Aff., ¶ 4).

     On January 18, 2012, Mr. Safdieh allegedly faxed a proposed
Stipulation of Settlement in which he offered to settle the case
for $55,000.   (Hai Aff., ¶ 5).   The plaintiff immediately accepted
the offer.   (Hai Aff., ¶ 5).   Later, the defendant purportedly
sought to revise the settlement amount from a total payment of
$55,000 to $45,000, to which the plaintiff agreed.   (Hai Aff., ¶
6).   The defendant allegedly made handwritten changes to the
Stipulation of Settlement then signed and delivered it to the

2

plaintiff on February 24, 2012.  (Hai Aff., ¶ 7).  The revised Stipulation of Settlement was submitted to the Court on February 28, 2012, as an attachment to the plaintiff's motion to reopen the case.  (Hai Aff., ¶ 7).  According to the plaintiff, Judge Katz then held a conference with the parties and "found [the Stipulation of Settlement] good."  (Hai Aff., ¶ 7).  Shanghai contends that the defendant has yet to make any payments under the Stipulation of Settlement even after Mr. Hai wrote to defense counsel, reminding them of Brooks' obligation to pay.  (Hai Aff., ¶ 8).

According to defense counsel, the only settlement discussion they had with plaintiff's counsel was prior to September of 2011, and was unsuccessful.  (Declaration of Thomas Carulli dated March 7, 2012 ("Carulli Decl."), attached to Memorandum of Defendant Brooks Fitch Apparel Group LLC in Opposition to Plaintiff's Motion to Reopen, ¶ 4).  They contend that during the seven months leading up to the dismissal, the plaintiff had not diligently prosecuted its case and, in fact, they had no contact with plaintiff's counsel until the dismissal.  (Carulli Decl., ¶¶ 2-3).  When Mr. Hai contacted defense counsel for the first time after the dismissal, they informed him that they had not discussed this case with their client in many months because the plaintiff had not pursued the action and that they were unaware of any stipulation of settlement. (Carulli Decl., ¶ 6).  They claim that they have no knowledge of any alleged changes made to any proposed stipulation, nor did they submit any comment -- handwritten, oral, or otherwise -- regarding possible settlement terms.  (Carulli Decl., ¶¶ 7-8).

3

Discussion

     Jurisdiction is a threshold issue which a court must address and may raise <u>sua</u> <u>sponte</u> even if the parties themselves have not raised it.   See <u>Bricklayers and Allied Craftworkers Local 2, Albany, New York Pension Fund ex rel. O'Sick v. DiBernardo Tile and Marble Co.</u>, No. 1:08-CV-00044, 2012 WL 3508931, at *2 (N.D.N.Y. Aug. 14, 2012) (collecting cases); <u>Lemus v. Manhattan Car Wash, Inc.</u>, No. 06 Civ. 15486, 2010 WL 1372705, at *3 & n.7 (S.D.N.Y. March 26, 2010) ("Although neither party questions our power to adjudicate defendant['s] [] motion, we must satisfy ourselves of our authority to hear it.").   If a federal lacks subject matter jurisdiction, the action must be dismissed.   Fed. R. Civ. P. 12(h)(3); <u>see</u> <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 514 (2006); <u>Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont</u>, 565 F.3d 56, 62 (2d Cir. 2009).    "[A] federal court lacks jurisdiction to enforce a settlement agreement in a closed case in the absence of an independent basis for jurisdiction or a dismissal order specifically reserving such authority."   <u>Supervalu Inc. v. Ectaco Inc.</u>, No. 10 CV 5267, 2011 WL 3625567, at *1 (E.D.N.Y. Aug. 12, 2011) (citing <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 511 U.S. 375, 381 (1994)).  This is because "[e]nforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."   <u>Kokkonen</u>, 511 U.S. at 378.    "It is 'well settled' that a district court may 'exercise ancillary jurisdiction to enforce a settlement agreement <u>only</u> if the dismissal order

4

expressly retained jurisdiction over that particular agreement, or incorporated it into the order.'" Bricklayers and Allied Craftworkers Local 2, 2012 WL 3508931, at *2 (quoting State Street House, Inc. v. New York State Urban Development Corp., 75 F. App'x 807, 810 (2d Cir. 2003)); see Kokkonen, 511 U.S. at 381. Otherwise, "construction and enforcement of private settlement agreements is a matter for state courts." Lemus, 2010 WL 1372705, at *3 (footnote omitted); see In re American Express Financial Advisors Securities Litigation, 672 F.3d 113, 134 (2d Cir. 2011) (noting that "motion[s] to enforce or otherwise apply a settlement in a case that [a federal court] has previously dismissed . . . are essentially state-law contract claims to be litigated in the state courts" (internal citation omitted)).

Here, it is clear that the Order of Dismissal neither explicitly retained jurisdiction over the purported settlement agreement nor incorporated the terms of the alleged agreement. The Order only states that the "Plaintiff ha[s] informed the Court that the matter has settled." (Order dated Feb. 23, 2011). "The mere reference in the order to the Agreement does not incorporate that Agreement into the order." Scelsa v. City University of New York, 76 F.3d 37, 41 (2d Cir. 1996); see Kokkonen, 511 U.S. at 381 (noting that "judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order"). In fact, the Court did not see the Stipulation of Settlement until after this case was dismissed, and thus the Court could not have incorporated its terms in the dismissal order.

(Affirmation in Reply of Ming Hai dated June 21, 2012, ¶ 4); see
Bricklayers and Allied Craftworkers Local 2, 2012 WL 3508931, at *3
& n.2 (noting that it is clear that dismissal order did not
incorporate terms of settlement agreement because agreement was not
submitted to the court before dismissal order).  Thus, this Court
lacks ancillary jurisdiction to enforce the purported settlement.

Even if there were an independent basis of jurisdiction --
diversity, for example -- the plaintiff could not simply file a
motion for enforcement in this closed case, but would be required
to commence a new action.  See Dover Ltd. v. A.B. Watley, Inc., No.
04 Civ. 7366, 2007 WL 4358460, at *3 (S.D.N.Y. Dec. 17, 2007);
Geiringer v. Pepco Energy Services, Inc., No. 05 CV 4172, 2007 WL
4125094, at *1 (E.D.N.Y. Nov. 16, 2007); Cross Media Markeing Corp.
v. Budget Marketing, Inc., 319 F. Supp. 2d 482, 482-83 (S.D.N.Y.
2004).  And, in any event, diversity jurisdiction is unavailable
here, since the value of the alleged settlement does not meet the
amount in controversy requirement.  28 U.S.C. § 1332(b).  The only
path to relief for Shanghai, then, is through the state courts.

Conclusion

For the foregoing reasons, the plaintiff's motion (Docket no.
18) is denied.  The defendant's application for an award of fees
and costs incurred in connection with opposing this motion is also
denied.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           April 11, 2013

Copies mailed this date:

Ming Hai, Esq.
Law Office of Ming Hai
36-09 Main St., Ste. 7B
Flushing, NY 11354

Thomas Carulli, Esq.
Jennifer Huang, Esq.
Kaplan, Massamillo & Andrews, L.L.C.
70 E. 55th St.
25th Floor
New York, NY 10022